IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ICONTROL NETWORKS, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>v.<br><br>ZONOFF INC., a Delaware corporation,<br><br>  Defendant. | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Icontrol Networks, Inc. ("Icontrol"), by its attorneys and for its Complaint, hereby alleges and states as follows:

### THE PARTIES

1.  Icontrol is a Delaware corporation having its principal place of business at 555 Twin Dolphin Drive, Suite 280, Redwood City, California 94065.

2.  On information and belief, Defendant Zonoff, Inc. ("Zonoff") is a Delaware corporation having its principal place of business at 70 E. Swedesford Road, Suite 120, Malvern, PA 19355.

### THE NATURE OF THE ACTION

3.  On September 23, 2003, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 6,624,750 ("the '750 patent"), entitled "Wireless Home Fire and Security Alarm System". Icontrol is the owner and assignee of all right, title and interest in and to the '750 patent and holds the right to sue and recover damages for infringement

-1-

thereof, including past damages.  A true and correct copy of the '750 patent is attached hereto as Exhibit 1.

4.  On August 28, 2007, the USPTO issued United States Patent No. 7,262,690 ("the '690 patent"), entitled "Method and System For Monitoring Events".  Icontrol is the owner and assignee of all right, title and interest in and to the '690 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '690 patent is attached hereto as Exhibit 2.

5.  On December 18, 2012, the USPTO issued United States Patent No. 8,335,842 ("the '842 patent"), entitled "Premises Management Networking".  Icontrol is the owner and assignee of all right, title and interest in and to the '842 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '842 patent is attached hereto as Exhibit 3.

6.  On December 17, 2013, the USPTO issued United States Patent No. 8,612,591 ("the '591 patent"), entitled "Security System With Networked Touchscreen".  Icontrol is the owner and assignee of all right, title and interest in and to the '591 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '591 patent is attached hereto as Exhibit 4.

7.  On July 2, 2013, the USPTO issued United States Patent No. 8,478,871 ("the '871 patent"), entitled "Gateway Registry Methods and Systems".  Icontrol is the owner and assignee of all right, title and interest in and to the '871 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '871 patent is attached hereto as Exhibit 5.

8.     On January 28, 2014, the USPTO issued United States Patent No. 8,638,211 ("the '211 patent"), entitled "Configurable Controller and Interface for Home SMA, Phone and Multimedia". Icontrol is the owner and assignee of all right, title and interest in and to the '211 patent and holds the right to sue and recover damages for infringement thereof, including past damages. A true and correct copy of the '211 patent is attached hereto as Exhibit 6.

9.     Icontrol is informed and believes, and thereon alleges, that Zonoff had knowledge of the '750, '690, '842, '591, '871, and '211 patents (collectively, "the Asserted Patents") prior to this action.

10.    Zonoff has previously characterized Icontrol as a competitor in the "battle to become Home OS" (http://www.zonoff.com/somfy-tahoma.html), and in fact Zonoff warns: "look out Icontrol…". Zonoff and Icontrol are both members of the Z-Wave Alliance. Zonoff has attended the same or similar public functions, including at least one instance on or around March 22, 2014, where Zonoff's Mike Harris and Icontrol founder Reza Raji appeared together on an internet podcast called "NextMarket" to discuss home automation technology—an aspect of the Asserted Patents.

11.    On information and belief, in light of the above and given Zonoff's knowledge of Icontrol as a competitor, prior to this litigation Zonoff researched Icontrol, at which time Zonoff learned about the Asserted Patents.

12.    At least the '842, '591, '871, and '211 patents are, and have been, prominently displayed on Icontrol's website. On information and belief, Zonoff's consideration of Icontrol as a competitor led Zonoff to visit Icontrol's website, where it further learned of the aforementioned patents.

13. On information and belief, Zonoff had knowledge of the previous patent infringement lawsuit brought by Icontrol on July 10, 2013, against Alarm.com Inc. and Frontpoint Security Solutions LLC that involved the '690 and '842 patents.

14. On information and belief Zonoff had knowledge of Icontrol's public announcement, made December 4, 2013, of its acquisition of the '750 patent.

15. On information and belief Zonoff monitors the industry in which it competes as well as its competitors, and thereby learned about Icontrol's acquisition of the '750 patent through media reports about the acquisition. Icontrol's announcement of its acquisition of the '750 patent has been displayed on Icontrol's website since around December 4, 2013, and on information and belief Zonoff visited Icontrol's website, where it further learned of the '750 patent.

## JURISDICTION AND VENUE

16. This action arises under the Patent Laws of the United States, codified at Title 35, United States Code § 101, et seq. Accordingly, subject matter jurisdiction of this Court exists under at least 28 U.S.C. §§ 1331 and 1338(a).

17. On information and belief, this Court has personal jurisdiction over Zonoff because Zonoff is a Delaware corporation and therefore resides in this district. Further, upon information and belief, this Court has personal jurisdiction over Zonoff because Zonoff has committed acts of infringement in this district. On information and belief, Zonoff is doing business in this district by making, using, offering for sale, and/or selling its products including, but not limited to, products that practice the subject matter of the Asserted Patents, including without limitation its "Zonoff Software" products (including without limitation "Zonoff Home", "Zonoff Cloud", and "Zonoff App"), its "Zonoff Distributed Radio Architecture" product, and its

"Zonoff Open Device Software Development Kit" product (collectively, the "Accused Products"). The Staples Connect is an example of an Accused Product.

19. On information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400 because Zonoff is a Delaware corporation and therefore resides in this district. Further, on information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400 because Zonoff has committed acts of infringement in this district. On information and belief, Zonoff is doing business in this district by making, using, offering for sale, and/or selling its products including, but not limited to, products that practice the subject matter of the Asserted Patents, including without limitation the Accused Products.

## FIRST CAUSE OF ACTION: INFRINGEMENT OF THE '750 PATENT

19. Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

20. Icontrol is the assignee and sole owner of all right, title, and interest in the '750 patent.

21. Icontrol is informed and believes, and thereon alleges, that Zonoff has infringed and continues to infringe the '750 patent in this district and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

22. Zonoff has and continues to actively induce third parties (*e.g.*, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe—through the use of at least the Accused products—one or more claims of the '750 patent. Zonoff is, therefore, liable for indirect infringement of the '750 patent under 35 U.S.C. § 271(b).

23. Zonoff has and continues to sell and/or offer to sell components—including at least the Accused products—which constitute a material part of the '750 patent and lack any substantial non-infringing use. Zonoff is, therefore, liable for indirect infringement of the '750 patent under 35 U.S.C. § 271(c).

24. Icontrol is informed and believes, and thereon alleges, that unless enjoined by this Court, Zonoff will continue to infringe the '750 patent, and Icontrol will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Icontrol is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

25. Icontrol has and will continue to suffer damages as a result of Zonoff's infringement of the '750 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

**SECOND CAUSE OF ACTION: INFRINGEMENT OF THE '690 PATENT**

26. Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

27. Icontrol is the assignee and sole owner of all right, title, and interest in the '690 patent.

28. Icontrol is informed and believes, and thereon alleges, that Zonoff has infringed and continues to infringe the '690 patent in this district and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

29. Zonoff has and continues to actively induce third parties (*e.g.*, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe—through the

use of at least the Accused products—one or more claims of the '690 patent. Zonoff is, therefore, liable for indirect infringement of the '690 patent under 35 U.S.C. § 271(b).

30. Zonoff has and continues to sell and/or offer to sell components—including at least the Accused products—which constitute a material part of the '690 patent and lack any substantial non-infringing use. Zonoff is, therefore, liable for indirect infringement of the '690 patent under 35 U.S.C. § 271(c).

31. Icontrol is informed and believes, and thereon alleges, that unless enjoined by this Court, Zonoff will continue to infringe the '690 patent, and Icontrol will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Icontrol is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

32. Icontrol has and will continue to suffer damages as a result of Zonoff's infringement of the '690 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

**THIRD CAUSE OF ACTION: INFRINGEMENT OF THE '842 PATENT**

33. Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

34. Icontrol is the assignee and sole owner of all right, title, and interest in the '842 patent.

35. Icontrol is informed and believes, and thereon alleges, that Zonoff has infringed and continues to infringe the '842 patent in this district and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

36. Zonoff has and continues to actively induce third parties (*e.g.*, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe—through the use of at least the Accused products—one or more claims of the '842 patent. Zonoff is, therefore, liable for indirect infringement of the '842 patent under 35 U.S.C. § 271(b).

37. Zonoff has and continues to sell and/or offer to sell components—including at least the Accused products—which constitute a material part of the '842 patent and lack any substantial non-infringing use. Zonoff is, therefore, liable for indirect infringement of the '842 patent under 35 U.S.C. § 271(c).

38. Icontrol is informed and believes, and thereon alleges, that unless enjoined by this Court, Zonoff will continue to infringe the '842 patent, and Icontrol will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Icontrol is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

39. Icontrol has and will continue to suffer damages as a result of Zonoff's infringement of the '842 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION: INFRINGEMENT OF THE '591 PATENT**

40. Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

41. Icontrol is the assignee and sole owner of all right, title, and interest in the '591 patent.

42. Icontrol is informed and believes, and thereon alleges, that Zonoff has infringed and continues to infringe the '591 patent in this district and elsewhere, by making, using,

offering for sale, and/or selling at least the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

43. Zonoff has and continues to actively induce third parties (*e.g.*, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe—through the use of at least the Accused products—one or more claims of the '591 patent. Zonoff is, therefore, liable for indirect infringement of the '591 patent under 35 U.S.C. § 271(b).

44. Zonoff has and continues to sell and/or offer to sell components—including at least the Accused products—which constitute a material part of the '591 patent and lack any substantial non-infringing use. Zonoff is, therefore, liable for indirect infringement of the '591 patent under 35 U.S.C. § 271(c).

45. Icontrol is informed and believes, and thereon alleges, that unless enjoined by this Court, Zonoff will continue to infringe the '591 patent, and Icontrol will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Icontrol is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

46. Icontrol has and will continue to suffer damages as a result of Zonoff's infringement of the '591 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION: INFRINGEMENT OF THE '871 PATENT

47. Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

48. Icontrol is the assignee and sole owner of all right, title, and interest in the '871 patent.

49. Icontrol is informed and believes, and thereon alleges, that Zonoff has infringed and continues to infringe the '871 patent in this district and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

50. Zonoff has and continues to actively induce third parties (*e.g.*, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe—through the use of at least the Accused products—one or more claims of the '871 patent. Zonoff is, therefore, liable for indirect infringement of the '871 patent under 35 U.S.C. § 271(b).

51. Zonoff has and continues to sell and/or offer to sell components—including at least the Accused products—which constitute a material part of the '871 patent and lack any substantial non-infringing use. Zonoff is, therefore, liable for indirect infringement of the '871 patent under 35 U.S.C. § 271(c).

52. Icontrol is informed and believes, and thereon alleges, that unless enjoined by this Court, Zonoff will continue to infringe the '871 patent, and Icontrol will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Icontrol is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

53. Icontrol has and will continue to suffer damages as a result of Zonoff's infringement of the '871 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION: INFRINGEMENT OF THE '211 PATENT**

54. Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

55. Icontrol is the assignee and sole owner of all right, title, and interest in the '211 patent.

56. Icontrol is informed and believes, and thereon alleges, that Zonoff has infringed and continues to infringe the '211 patent in this district and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

57. Zonoff has and continues to actively induce third parties (*e.g.*, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe—through the use of at least the Accused products—one or more claims of the '211 patent. Zonoff is, therefore, liable for indirect infringement of the '211 patent under 35 U.S.C. § 271(b).

58. Zonoff has and continues to sell and/or offer to sell components—including at least the Accused products—which constitute a material part of the '211 patent and lack any substantial non-infringing use. Zonoff is, therefore, liable for indirect infringement of the '211 patent under 35 U.S.C. § 271(c).

59. Icontrol is informed and believes, and thereon alleges, that unless enjoined by this Court, Zonoff will continue to infringe the '211 patent, and Icontrol will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Icontrol is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

60. Icontrol has and will continue to suffer damages as a result of Zonoff's infringement of the '211 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Icontrol prays that this Court:

      a.      Declare that Zonoff has infringed one or more claims of the Asserted Patents;

      b.      Permanently enjoin Zonoff and its officers, agents, representatives, distributors, wholesalers, retailers, licensees, servants, employees, attorneys, successors, assigns, parent or subsidiary corporations, and affiliates, and all persons acting in active concert or participation with it, from infringing, inducing others to infringe, or contributing to the infringement of the Asserted Patents;

      c.      Award Icontrol damages in an amount adequate to compensate Icontrol for Zonoff's acts of infringement, including without limitation on the basis of a reasonable royalty and for lost profits, together with interest thereon, in an amount to be proven at trial, in accordance with 35 U.S.C. §§ 154(d) and 284;

      d.      Find that this case is exceptional and award Icontrol its respective costs and expenses for Zonoff's infringement, including reasonable attorneys fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes;

      e.      Award Icontrol pre-judgment and post-judgment interest at the highest rates allowed by law; and

      f.      Award Icontrol any other relief, in law and in equity, to which the Court finds Icontrol is justly entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Icontrol demands a trial by jury of this action.

|  |  |
|---|---|
| Dated: September 16, 2014 | */s/ Mary B. Matterer* |
|  | Richard K. Herrmann (I.D. No. 405) |
|  | Mary B. Matterer (I.D. No. 2696) |
|  | MORRIS JAMES LLP |
|  | 500 Delaware Avenue, Suite 1500 |
|  | Wilmington, DE 19801 |
|  | (302) 888-6800 |
|  | rherrmann@morrisjames.com |
|  | mmatterer@morrisjames.com |
|  |  |
|  | *Attorneys for Plaintiff Icontrol Networks, Inc.* |

OF COUNSEL:

James C. Yoon
Ryan R. Smith
Christopher D. Mays
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300